# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 12-cv-01038-CMA-CBS (Consolidated for all purposes with
Civil Action No. 12-cv-01521-CMA-CBS)

PATIPAN NAKKHUMPUN, Individually and on behalf of all others similarly situated,

      Plaintiff,

v.

DANIEL J. TAYLOR,
JOHN R. WALLACE,
CARL E. LAKEY, and
KEVIN K. NANKE,

      Defendants.

---

## STIPULATION OF SETTLEMENT

---

This Stipulation of Settlement ("Stipulation"), dated as of September 18, 2015, is made and entered into by and among lead plaintiff Patipan Nakkhumpun ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and each member of the Settlement Class, and defendants Daniel J. Taylor, John R. Wallace, Carl E. Lakey, and Kevin K. Nanke ("Defendants"), by and through their respective counsel of record in the Litigation. All capitalized terms used, but not immediately defined, have the meanings given to them in Section II.A, *infra*. All the parties to the Stipulation shall be collectively referred to as the "Parties" or the "Settling Parties." This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof, and subject to approval of the Court.

## I.  THE LITIGATION

### A.    Filing of Complaints and Appointment of Lead Plaintiff

On April 18, 2012, plaintiff George Darwin filed a putative class action complaint entitled *Darwin v. Taylor, et al.*, Civil Action No. 1:12-cv-01038-CMA-CBS ("*Darwin*"). On June 12, 2012, plaintiff Patipan Nakkhumpun filed a related putative class action complaint entitled *Patipan Nakkhumpun v. Taylor, et al.*, Civil Action No. 1:12-cv-01521-PAB-BNB ("*Nakkhumpun*").

On October 23, 2012, after considering competing motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* ("PSLRA"), the Court issued an Order consolidating *Darwin* and *Nakkhumpun*, appointing Patipan Nakkhumpun as lead plaintiff in the consolidated action and approving Mr. Nakkhumpun's selection of Federman & Sherwood as lead counsel. Doc. No. 30.

On January 6, 2013, Lead Plaintiff filed a consolidated class action complaint against Mr. Taylor, the former non-executive Chairman of the Board of Directors of Delta

Petroleum Corporation ("Delta"), and three former Delta officers, John R. Wallace, Carl E. Lakey, and Kevin K. Nanke, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t(a), on behalf of purchasers of the common stock of Delta during the period March 11, 2010 through November 9, 2011.   The complaint alleged that, *inter alia*, defendants made material misstatements and omissions relating to the liquidity and financial condition of Delta, the reasons for the termination of a proposed asset sale transaction with Opon International LLC ("Opon"), and the accounting value of Delta's oil and gas assets.   The complaint alleged that, as a result of the various alleged material misstatements and omissions, the price of Delta common stock was artificially inflated during the class period, and the drop in stock price at the end of the class period damaged plaintiff and members of the Settlement Class.

**B.     Defendants' Motion to Dismiss and Lead Plaintiff's Appeal to the Tenth Circuit**

On February 7, 2013, defendants filed a motion to dismiss Lead Plaintiff's consolidated complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On September 30, 2013, this Court granted defendants' motion to dismiss with prejudice (Doc. No. 48) and on October 1, 2013, issued a final judgment against plaintiff (Doc. No. 49).   On October 28, 2013, plaintiff filed a motion to vacate and/or reconsider (Dkt. No. 50) and a motion for leave to amend.   The Court denied these motions.   Doc. No. 58.

Lead Plaintiff appealed the Court's judgment.   On April 17, 2015, a Tenth Circuit panel affirmed a majority of the Court's judgment but reversed the Court's judgment with respect to the claims against Mr. Taylor based on alleged misrepresentations made in connection with Delta's announcement of the termination of negotiations with Opon.   On

April 20, 2015, Mr. Taylor filed a petition for rehearing *en banc*, which was denied on May 19, 2015. On May 27, 2015, the Tenth Circuit's mandate issued.

On July 17, 2015, Lead Plaintiff filed an amended consolidated class action complaint ("Complaint") against Mr. Taylor to conform to the ruling of the Tenth Circuit. On July 28, 2015, Mr. Taylor filed a petition for a writ of *certiorari* in the United States Supreme Court.

### C.    Settlement Discussions

The Parties have engaged in formal and informal settlement discussions during the pendency of the Litigation. In March 2013, the Parties participated in an in-person mediation before the Honorable Layn R. Phillips (Ret.). A settlement was not reached at that time.

The Parties again engaged in settlement discussions following issuance of the Tenth Circuit's mandate and before engaging in formal discovery. On August 25, 2015, the Parties reached an agreement in principle to settle the Litigation for $3,200,000.00 in cash (the "Settlement"). Since that time, the Parties have been negotiating the terms and conditions of the proposed Settlement, as reflected in this Stipulation.

### D.    Defendants' Denials of Wrongdoing and Liability

Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they have committed or attempted to commit, any of the wrongful acts or violations of law that are alleged in the Litigation and contend that they have acted properly at all times. In that regard, Defendants deny, *inter alia*, (1) each and all of the claims and contentions alleged by Lead Plaintiff and the Settlement Class in the Litigation; (2) all charges of wrongdoing or liability against any of the Defendants arising out of any conduct, statements, acts or omissions alleged in the Litigation; (3) that

Lead Plaintiff or the Settlement Class has suffered damages, that the price of Delta's common stock (or any other security) was artificially inflated by reason of any alleged misrepresentations, omissions, non-disclosures or other actions alleged to be attributed to any of the Defendants, or that Lead Plaintiff and/or the Settlement Class was harmed by the conduct alleged in the Litigation; and (4) that any of the Defendants knew or was reckless with respect to the alleged misconduct.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases, Defendants have concluded that further pursuit of the Litigation could be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth below in ¶¶ 9.3(i)-(vi), this Stipulation, and all related documents, shall not be construed as or deemed to be evidence or an admission or concession on the part of any of the Defendants, or any of the Released Parties, with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.  Defendants and their counsel agree that the Litigation was resolved in good faith, following arm's-length bargaining, confers substantial benefits upon the Settlement Class and, based upon their evaluation, is in the best interests of the Defendants as well as Lead Plaintiff and the Settlement Class.

### E.    Plaintiff's Claims and the Benefits of Settlement

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence of the underlying events and transactions alleged in the Complaint, developed through investigation, supports the claims.  Lead Plaintiff further believes that

documents and testimony obtained during discovery will provide further support for his allegations.  Nonetheless, Lead Plaintiff and his counsel recognize and acknowledge the expense and length of continued proceedings to prosecute the Litigation through trial and any subsequent appeals.  Lead Plaintiff and his counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and his counsel are mindful of the inherent problems of proof of and possible defenses to the federal securities law violations asserted in the Litigation, including, but not limited to, proof of loss causation and damages and proof of each Defendant's state of mind under the requirements of the securities laws.  Therefore, Lead Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein.  Based on their evaluation, Lead Plaintiff and his counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims alleged in the Litigation pursuant to the terms and provisions of this Stipulation.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff, the Settlement Class, and each of them, and Defendants, and each of them, by and through their respective undersigned counsel that, subject to approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, that the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation.

## II.  TERMS OF STIPULATION OF SETTLEMENT

### A.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Settlement Class who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Cash Settlement Amount" means the sum of Three Million Two Hundred Thousand Dollars ($3,200,000.00).

1.3    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4    "Claims Administrator" means Heffler Claims Group, which shall administer the Settlement.

1.5    "Corresponding Released Parties" mean any and all of Defendants' or Plaintiff's respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, trustees, officers, partners, principals, members, controlling shareholders, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, or other individuals or entities in which Defendants or Plaintiff, or any of them, has a controlling interest or which is related to or affiliated with any of the Defendants or Plaintiff and any other representatives of any of these Persons or entities.

1.6    "Court" or "District" means the United States District Court for the District

of Colorado.

1.7     "Defendants' Counsel" means the law firm of Jones Day.

1.8     "Effective Date" means the date by which all of the events and conditions specified in ¶ 8.1 of this Stipulation have been met and have occurred.

1.9     "Escrow Account" means the account maintained at Huntington Bank to hold the Settlement Fund, which account, subject to the Court's supervisory authority, shall be under the control of Lead Counsel.

1.10    "Escrow Agent" means Huntington Bank or its successor.

1.11    "Fee and Expense Application" means the application submitted by Lead Counsel seeking a Fee and Expense Award.

1.12    "Fee and Expense Award" means the attorneys' fees, expenses, and costs, including the fees of experts and consultants as well as any reimbursement award to Lead Plaintiff, as may be awarded by the Court to Lead Counsel or Lead Plaintiff.

1.13    "Final" means the later of the following events with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not

include any appeal that concerns only the issue of attorneys' fees and expenses, or any Plan of Allocation of the Net Settlement Fund.

1.14    "Final Judgment and Order of Dismissal" or "Judgment" means the proposed final judgment and order of dismissal with prejudice to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B

1.15    "Lead Plaintiff's Counsel" or "Lead Counsel" or "Plaintiff's Counsel" means the law firm of Federman & Sherwood.

1.16    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶ 6.5 of this Stipulation.

1.17    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is to be sent to members of the Settlement Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

1.18    "Person" means an individual, corporation, limited liability company, partnership, limited liability partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assigns.

1.19    "Plaintiff" means the Lead Plaintiff, Patipan Nakkhumpun.

1.20    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.   Any Plan of Allocation is not part of this

Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.21    "Preliminary Approval Order" means the order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.22    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit 2 to Exhibit A.

1.23    "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing Thereon to be published in Investor's Business Daily, substantially in the form of Exhibit 3 to Exhibit A.

1.24    "Released Claims" means any and all claims, including Unknown Claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation that could have been asserted by Lead Plaintiff or any Settlement Class Member against Defendants and Defendants' Corresponding Released Parties, or any one of them, arising out of, based upon, or related to the purchase of Delta publicly traded common stock during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Lead Plaintiff or any Settlement Class Member; provided, however, that Released Claims shall not include (i) the right to enforce the Stipulation; and (ii) the right to enforce any confidentiality agreement to which the Parties may enter into in connection with providing Confirmatory Discovery.  Released Claims include Unknown Claims as defined in ¶ 1.32 hereof.

1.25    "Released Defendants' Claims" means all claims, including Unknown

Claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation that could have been asserted by Defendants and Defendants' Corresponding Released Parties against:   (a) Plaintiff, Settlement Class Members, and their Corresponding Released Parties; and (b) Lead Counsel, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims; provided, however, that the release of Plaintiff, the Settlement Class Members, and their Corresponding Released Parties, shall not include the right to enforce the Stipulation of Settlement or any confidentiality agreement to which the Parties may enter into in connection with providing Confirmatory Discovery.   Released Defendants' Claims also do not include, release, bar, or waive claims against any Person who submits a request for exclusion from the Settlement Class and who does not withdraw his, her, or its request for exclusion and whose request is accepted by the Court

1.26   "Released Parties" means Plaintiff, Defendants, and each of the Plaintiff's and Defendants' respective Corresponding Released Parties.

1.27   "Settled Claims" mean all of the Released Claims and Released Defendants' Claims

1.28   "Settlement Class"  or "Settlement Class Members" means all Persons who purchased Delta common stock during the period March 11, 2010 through November 9, 2011, inclusive.   Excluded from the Settlement Class are Defendants, members of the immediate family of any Defendants, any entity in which any of the Defendants has or

had a controlling interest, any entity for which any Defendant acted as an investment manager, former directors and officers of Delta and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

1.29    "Settlement Class Period" or "Class Period" means the period March 11, 2010 through November 9, 2011, inclusive

1.30    "Settlement Fund" or "Gross Settlement Fund" means the Cash Settlement Amount, together with all interest and income earned thereon.

1.31    "Unknown Claims" means claims that Plaintiff, the Settlement Class, Defendants, and any or all other Persons and entities whose claims are being released, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties, the Released Claims, and the Released Defendants' Claims or might affect his, her or its decision to agree, object or not to object to the Settlement.  Upon the Effective Date, Plaintiff, the Settlement Class, and all other Persons and entities whose claims are being released, shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of §1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

1.32    Upon the Effective Date, Plaintiff, the Settlement Class, and all other Persons and entities whose claims are being released, also shall be deemed to have,

and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to §1542 of the California Civil Code.  Plaintiff and Defendants acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**B.     The Settlement**

Settlement Consideration

2.1     Defendants shall instruct their insurance carrier to pay the Cash Settlement Amount to the Escrow Account within ten (10) business days of the entry of the Preliminary Approval Order.  None of the individual Defendants shall be personally responsible for paying any portion of the Settlement Fund, nor shall any of the individual Defendants be liable, in whole or in part, for a failure of Defendants' insurance carrier to pay the Cash Settlement Amount as instructed.

2.2     Lead Counsel shall cause the Cash Settlement Amount to be invested in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these accounts as they mature in similar instruments at their then-current market rates.

Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent..

2.3    After payment of the Cash Settlement Amount to the Escrow Account pursuant to ¶ 2.2 above, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to the sum of $100,000.00 from the Gross Settlement Fund to pay the reasonable costs and expenses associated with the administration of the Settlement, including, without limitation:  the cost of identifying and locating members of the Settlement Class; mailing the Notice and Proof of Claim; publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners); soliciting Settlement Class claims; assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any; and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Class Notice and Administration Costs").

2.4    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation, and/or further order(s) of the Court.  Any and all Taxes on the Settlement Fund are to be paid from the Settlement Fund.  All funds held by the Escrow Agent on behalf of the Settlement Class pending disbursement shall be held in the Escrow Account in the name of "*Nakkhumpun, et al. v. Taylor Settlement Fund*".  Defendants shall have no

responsibility or liability for the allocation of the Net Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award.  Any such awards shall be paid solely from the Settlement Fund.

2.5    Mr. Taylor shall provide reasonable voluntary discovery ("Confirmatory Discovery") to Lead Counsel to confirm the reasonableness and adequacy of the Settlement.  All information provided through Confirmatory Discovery shall be subject to a confidentiality agreement to be negotiated by the Parties and/or a protective order.  The Parties and their counsel agree that any information provided, and statements made, by Mr. Taylor and his counsel pursuant to the Confirmatory Discovery provisions of this Stipulation shall be protected by Federal Rule of Evidence 408, and that no such information or statements may be used or admitted into evidence against the Released Parties in the Litigation if the Settlement is terminated or does not become Final, or in any subsequent proceeding in any forum.  The Parties and their counsel also agree that by providing Confirmatory Discovery, Mr. Taylor is not waiving any rights with respect to the ordering of discovery in the Litigation, including without limitation Mr. Taylor's right to renew his previously filed motion for an order sequencing class and merits discovery.  The Parties and their Counsel also agree that Lead Plaintiff is not waiving any right to use in the Litigation any documents or information produced by Mr. Taylor (including those referenced in this paragraph) outside the context of settlement negotiations in the normal course of discovery.

Handling And Disbursement Of Funds By The Escrow Agent

2.6    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(i)      As provided as provided in this Stipulation and by an order of the Court; or

(ii)     To pay Taxes and Tax Expenses (as defined in ¶ 2.8 below) on the income earned by the Settlement Fund.

2.7     The Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent, including, but not limited to, the actions of the Escrow Agent related to the investment of the Cash Settlement Amount and/or the Settlement Fund in accordance with ¶ 2.2.

Taxes

2.8      (i)  The Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation §1.46813-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(ii)  For purposes of §468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation §1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be the Claims Administrator.  The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with

respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.8(i) hereof) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.8(iii) hereof.

(iii)   All (A) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or Defendants' Counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state income tax purposes ("Taxes"), and (B) expenses and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund.  Defendants and Defendants' Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Defendants and Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Claims Administrator out of the Settlement Fund without prior order from the Court, and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any

funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).   Neither Defendants nor Defendants' Counsel are responsible nor shall they have any liability therefor.   The Parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

Termination of Settlement

2.9     Lead Plaintiff, on behalf of the Settlement Class, or Defendants, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within ten (10) business days of:  (i) the Court declining to enter the Preliminary Approval Order in any material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Stipulation becomes null and void or fails to become effective for any reason; (iv) the Court declines to enter the Judgment in any material respect; (v) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (vi) the date upon which an Alternative Judgment (defined in ¶ 8.1(iv) below) is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (vii) the Settlement is successfully collaterally attacked.

2.10     If the Cash Settlement Amount is not paid within the time specified in ¶ 2.1, Lead Plaintiff will have the option to terminate the Settlement.

2.11     If prior to the Settlement Hearing, any Persons who otherwise would be members of the Settlement Class have timely requested exclusion ("Requests for

Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of Delta common stock during the Settlement Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" between the Parties, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.  Copies of all Requests for Exclusion received shall be delivered to Defendants' Counsel within five (5) business days of receipt by Lead Plaintiff or Plaintiff's Counsel.  Copies of all written revocations of Requests for Exclusion shall be delivered to Defendants' Counsel within five (5) business days of receipt by Lead Plaintiff or Plaintiff's Counsel.  Defendants shall have the option to terminate the Settlement if requests for exclusion from the Settlement have been made by Persons in the Settlement Class representing more than a certain number of the total shares of Delta common stock traded during the Class Period, as specified in the Supplemental Agreement.  Such termination would be effectuated by serving written notice of termination on the Court and Plaintiff's Counsel by hand delivery, e-mail, or first class mail, postmarked on or before five (5) business days after the receipt of all of the copies of the Requests for Exclusion, on or before five (5) business days after the Court grants additional exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last.

2.12   In the event the Settlement is terminated, the Settlement Fund (including

any earnings and interest) less expenses actually incurred or due and owing for Class

Notice and Administration Costs, Taxes or Tax Expenses shall be refunded pursuant to

written instructions from Defendants' Counsel.

### C. Preliminary Approval Order For The Dissemination of Notice Of The Settlement Hearing

3.1    Promptly after execution of this Stipulation, Lead Counsel and Defendants'

Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall

apply for preliminary approval of the Settlement set forth in this Stipulation, and approval

for the mailing and publication of the Notice and Publication Notice, substantially in the

form of Exhibits A-1 and A-3 hereto.

3.2    Lead Counsel shall request that after Notice is given to the Settlement

Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement

as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request

that the Court approve the proposed Plan of Allocation and the Fee and Expense

Application.

### D. Releases and Bar Order

4.1    The obligations incurred pursuant to this Stipulation shall be a full and final

disposition of the Litigation, any and all Released Claims, and any and all Released

Defendants' Claims, as against all Released Parties and their Corresponding Released

Parties.

4.2    Upon the Effective Date, Plaintiff and his Corresponding Released Parties,

and each member of the Settlement Class (who has not validly opted out of the

Settlement), shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever released, relinquished, and discharged against Defendants, and any

and all of Defendants' Corresponding Released Parties, any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, the Settlement, or the resolution of the Litigation, and the distribution or investment of the Settlement Fund.  The release in this paragraph shall be effective whether or not such Settlement Class Members execute and deliver a Proof of Claim and whether or not such Settlement Class Members share in the Settlement Fund.  The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of § 1542 of the California Civil Code, was separately bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

4.3     Upon the Effective Date, Plaintiff and his Corresponding Released Parties, and each member of the Settlement Class (who has not validly opted out of the Settlement), shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any action or other proceeding asserting the Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, Settlement, or resolution of the Litigation, against Defendants, and any and all of Defendants' Corresponding Released Parties in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction.

4.4     The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against Defendants, and any and all of Defendants' Corresponding Released Parties and shall be substantially in the form contained in

Exhibit A-2 attached hereto.

4.5     Upon the Effective Date, Defendants and Defendants' Corresponding Released Parties shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished and discharged Plaintiff, and any and all of Plaintiff's Corresponding Released Parties, each and all members of the Settlement Class, and Plaintiff's Counsel from all Released Defendants' Claims; provided, however, that Defendants shall retain the right to enforce the terms of the Stipulation.

4.6     Only those Settlement Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund.  The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against Defendants, and any and all of Defendants' Corresponding Released Parties, and shall be substantially in the form contained in Exhibit A-2 attached hereto.   All Settlement Class Members shall be bound by the releases set forth in this Section II.D., whether or not they submit a valid and timely Proof of Claim.

**E.     Settlement Class Certification**

5.1     The Settlement Class shall have the meaning set forth above in ¶ 1.28. Solely for purposes of the Settlement, and subject to the approval of the Court, Defendants stipulate and agree to: (a) certification of the Settlement Class as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiff as the Settlement Class Representative; and (c) appointment of Lead Counsel as Settlement Class Counsel

pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  For settlement purposes only, and to effectuate this Stipulation, Defendants will not object to such certification on the terms set forth in this Stipulation.  If the Settlement does not become Final or is terminated for any reason, then (i) Defendants will not be deemed to have consented to the certification of any class; (ii) the stipulation concerning the class definition or class certification shall not be used as evidence or in an argument in support of class definition or class certification, and (iii) Defendants will retain all rights to oppose class certification.

**F.    Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

6.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2    Within ten (10) days of the Court's preliminary approval of the Settlement, Defendants will use reasonable efforts to contact Delta's former transfer agent and request and provide to Lead Counsel in a computer readable format the last known names and addresses of all Persons who purchased Delta's common stock during the Class Period.  Defendants or Defendants' insurer shall bear the expense of providing such names and addresses.

6.3    In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause to be mailed by the Claims Administrator the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto to all reasonably identifiable shareholders, including

shareholders of record identified by Delta's former transfer agent..  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and reimbursement of expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for attorney's fees and reimbursement of expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Settlement. The Notice and Proof of Claim shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Preliminary Approval Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over *PR Newswire*.  The cost of providing such notice shall be paid out of the Settlement Fund.

6.4    Under the supervision of Lead Plaintiff's Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.5    The Gross Settlement Fund shall be applied as follows:

(i)    to pay the Taxes and Tax Expenses described in ¶ 2.8 above;

(ii)    to pay all the costs and expenses reasonably incurred in connection with settlement administration, including, but not limited to, locating members of the Settlement Class, providing Notice, soliciting Settlement Class claims, assisting with the filing of claims, processing Proofs of Claim, making administrative determinations concerning the acceptance or rejection of submitted claims, administering and distributing

the Net Settlement Fund to Authorized Claimants, paying escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

(iii)     to pay Plaintiffs' Counsel's attorneys' fees, expenses and costs with interest thereon, as provided in ¶ 7.1, to the extent approved by the Court; and

(iv)     to distribute the balance of the Settlement Fund, that is, the Gross Settlement fund less the items set forth in ¶ 6.5(i), (ii), and (iii) (the "Net Settlement Fund") to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.6     Upon the Effective Date and thereafter, and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, consistent with the following:

(i)     each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

(ii)     any Person falling within the definition of the Settlement Class may be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in ¶ 19 of the Preliminary Approval Order, Exhibit A hereto, and is postmarked no

later than twenty-one (21) calendar days prior to the date of the Settlement Hearing.  All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment and Order of Dismissal.  However, a Settlement Class Member may submit a written revocation of a Request for Exclusion by the deadline set forth in ¶ 2.11 above and receive payments pursuant to this Stipulation and Settlement provided the Settlement Class Member also submits a valid Proof of Claim, as set forth in ¶ 6.6(iii), below, prior to the Bar Date; and

(iii)     except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release by the prescribed deadline, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Final Judgment and Order of Dismissal and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims. Notwithstanding the foregoing, the Claims Administrator and Lead Counsel may, in their discretion, accept for processing late-submitted Proofs of Claim or waive technical defects in any Proof of Claim submitted in the interests of achieving substantial justice, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

6.7     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Defendants shall take no position

with respect to the Plan of Allocation or any other such plan as may be approved by the Court.   Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund

6.8    With the exceptions of funding the Settlement as provided in ¶ 2.1 and requesting the production of Delta's transfer records for the Settlement Class Period to the Claims Administrator for the purpose of giving notice to the Settlement Class, Defendants, Defendants' Corresponding Released Parties, and Defendants' Counsel shall have no responsibility for the administration of the Settlement and shall have no liability to the Settlement Class in connection with such administration.   Neither Defendants, Defendants' Corresponding Released Parties, nor Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to (and none of the Settlement Class Members, nor any Authorized Claimant shall have any claim against Defendants, Defendants' Corresponding Released Parties, or Defendants' Counsel in connection with) the investment of the Settlement Fund, the payment of any money from the Gross Settlement Fund, the distribution of the Net Settlement Fund to the Settlement Class, the Plan of Allocation, the Claims Administrator's giving of notice to the Settlement Class, the determination, administration, calculation, or payment of claims, the review of Proofs of Claim or any costs or losses associated therewith, the payment or withholding of Taxes and Tax Expenses, or any losses incurred in connection therewith.   Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

6.9    No Person shall have any claim against Lead Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Plaintiff's Counsel based on

distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.10    This is not a claims-made settlement.    Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if economically feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 from such redistribution after the payment of any Taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate 501(c)(3) non-profit organization designated by Lead Plaintiff and approved by the Court.

6.11    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Final Judgment and Order of Dismissal approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### G.   Plaintiffs' Counsel's Attorneys' Fees And Reimbursement Of Expenses

7.1    Lead Plaintiff's Counsel may submit the Fee and Expense Application for distributions to Plaintiff's Counsel from the Gross Settlement Fund for:  (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid) as may be awarded by the Court. Defendants take no position as to the Fee and Expense Application, so long as it is in accordance with this Stipulation.

7.2    The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.  Any such awards shall be paid solely by the Settlement Fund.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Plaintiff's Counsel shall within thirty (30) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to Plaintiff's Counsel and, if applicable, Lead Plaintiff, from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

28

7.3    Lead Plaintiff may submit an application to the Court for reimbursement of his reasonable time and expenses incurred in the prosecution of the Litigation.

7.4    The procedure for and allowance or disallowance by the Court of the Fee and Expense Application, including the fees and expenses of experts and consultants, to be paid out of the Gross Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation.

7.5    Defendants and Defendants' Corresponding Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**H.    Conditions Of Settlement, Effect Of Disapproval, Cancellation Or Termination**

8.1    The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(i)    Defendants' insurer has contributed the Settlement Cash Amount as required by ¶ 2.1 above;

(ii)    the Court has entered the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A;

29

(iii)    the Court has approved the Settlement, following notice to the Settlement Class and a hearing, as provided in Rule 23 of the Federal Rules of Civil Procedure, and has entered the Final Judgment and Order of Dismissal or Alternative Judgments, substantially in the form of Exhibit B; and

(iv)    the Final Judgment and Order of Dismissal has become Final, as defined in ¶ 1.13, above, or, in the event that the Court enters orders and final judgments in a form other than that provided above (*i.e.*, an Alternative Judgment) and which has the consent of the Parties, such Alternative Judgment becomes Final.

8.2    Upon the occurrence of all of the events referenced in ¶ 8.1 above, any and all interest or right of Defendants or Defendants' insurer in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. At that time, *i.e.*, the occurrence of the Effective Date, the Escrow Agent shall transfer the Gross Settlement Fund to the Claims Administrator to be distributed in accordance with ¶ 6.5 hereof.

8.3    If the conditions specified in ¶ 8.1 are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated subject to ¶ 2.9 unless those contributing to the Settlement Fund, Lead Counsel, and Defendants' Counsel mutually agree in writing to proceed with this Stipulation.

8.4    If this Stipulation is terminated or fails to become effective for the reasons set forth in ¶¶ 2.11 and/or 8.1, above, the Parties and those contributing to the Settlement Fund shall be restored to their respective positions in the Litigation as of the time just prior

to the execution of this Stipulation.  In such event:

(i)       any Judgment or other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;  and

(ii)      the Gross Settlement Fund plus any interest earned, less any Taxes or Tax Expenses due with respect to any interest earned by the fund, less expenses actually incurred and paid or due and owing in connection with notice costs and administration of the settlement as provided for in this Stipulation, shall be returned, within twenty (20) business days after written notice of such event, to the Persons having paid the same; provided, however, that in the event that the accrued interest and earnings of the Settlement Fund are not sufficient to cover the expenses paid or due to be paid from the Settlement Fund, any such expenses that Plaintiff's Counsel account for as reasonably and properly incurred in connection with the cost of giving notice of the Settlement and the administration of the Settlement prior to the termination or cancellation of the Settlement in accordance with the terms of this Stipulation, and any such expenses consisting of Tax Expenses, shall not be returned to any other party to the Litigation.  No Order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses and interest awarded by the Court to Lead Plaintiff or any of Plaintiff's Counsel shall constitute grounds for cancellation or termination of this Stipulation.

I.       **Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation and the Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to

exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order, approval of the Stipulation, and approval of the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2     The Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Litigation as well as any disputes which could have been raised in the Litigation by the Lead Plaintiff, the Settlement Class, and their Corresponding Released Parties, and each or any of them, against Defendants and Defendants' Corresponding Released Parties, Defendants' Counsel, and each or any of them, on the one hand, and by Defendants and Defendants' Corresponding Released Parties, and each or any of them, against the Lead Plaintiff, the Settlement Class, their Corresponding Released Parties, or Plaintiff's Counsel, and each or any of them, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff, or defended by Defendants, in bad faith or without a reasonable basis.  The Final Judgment and Order of Dismissal will contain a statement that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or

document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(i)    is, may be deemed, or shall be used, offered or received against Defendants or Defendants' Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants and Defendants' Corresponding Released Parties, or any of them;

(ii)    is, may be deemed, or shall be used, offered or received against Defendants as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants and Defendants' Corresponding Released Parties, or any of them;

(iii)    is, may be deemed, or shall be used, offered or received against the Lead Plaintiff, the Settlement Class, Plaintiff's Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

(iv)    is, may be deemed, or shall be used, offered or received against the Lead Plaintiff, the Settlement Class, and Plaintiff's Corresponding Released Parties, or each or any of them, or against Defendants, Defendants' Corresponding Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Stipulation, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

However, the Settlement, this Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Stipulation and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Stipulation. However, if this Stipulation is approved by the Court, any Party or any of the Corresponding Released Parties may file this Stipulation and/or the Final Judgment and Order of Dismissal in any action that may be brought against such Party(ies) in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

    (v) is, may be deemed, or shall be construed against the Lead Plaintiff, the Settlement Class, and Plaintiff's Corresponding Released Parties, or each or any of them, or against Defendants, Defendants' Corresponding Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial;

    (vi) is, may be deemed, or shall be construed as or received in evidence as a admission or concession against the Lead Plaintiff, the Settlement Class, and Plaintiff's Corresponding Released Parties, or each and any of them, or against Defendants, Defendants' Corresponding Released Parties, or each or any of them, that any of their claims or defenses are with or without merit or that damages recoverable under the Complaint would have exceeded or would have been less than the Cash Settlement Amount.

    9.4 All agreements made and orders entered in connection with Confirmatory

Discovery, including those relating to the confidentiality of documents and information, shall survive this Stipulation.

9.5    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.6    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.7    All of the exhibits to this Stipulation are material and integral parts thereof and are fully incorporated herein by this reference.

9.8    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9    This Stipulation and the exhibits attached hereto (together with the Supplemental Agreement referred to in ¶ 2.11) constitute the entire agreement among the Parties hereto and no representations, warranties or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear his own costs.

9.10    Each counsel or other Person executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.11    This Stipulation, the Supplemental Agreement, and all related Settlement

documents may be executed in one or more counterparts, including by signature transmitted by facsimile or PDF, all of which shall be one and the same instrument and all of which shall be considered duplicate originals.

9.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and their Corresponding Released Parties

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.14    Pending approval of the Court of the Stipulation and its exhibits, all proceedings in the Litigation involving the Released Parties and their Corresponding Released Parties shall be stayed, and Plaintiffs and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against Defendants and their Corresponding Released Parties.

9.15    This Stipulation and the exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Colorado and the rights and obligations of the Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado without giving effect to that State's choice of law principles.

9.16    This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated:  September  18 , 2015                    Dated:  September ___, 2015

_____                         _____
William B. Federman                              Eric Landau
**FEDERMAN & SHERWOOD**                          **JONES DAY**
10205 N. Pennsylvania Avenue                     3161 Michelson Dr., Suite 800
Oklahoma City, OK 73120                          Irvine, CA 92612
Telephone: (405) 235-1560                        Telephone: (949) 851-3939
Facsimile: (405) 239-2112                        Facsimile: (949) 553-7539
wbf@federmanlaw.com                              elandau@jonesday.com

*Lead Counsel for Plaintiff*                     *Counsel for Defendants*

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated: September ___, 2015

Dated: September 18, 2015

_____
William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

*Lead Counsel for Plaintiff*

_____
Eric Landau
**JONES DAY**
3161 Michelson Dr., Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
elandau@jonesday.com

*Counsel for Defendants*

---

**EXHIBIT A**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01038-CMA-CBS (Consolidated for all purposes with
Civil Action No. 12-cv-01521-CMA-CBS)

PATIPAN NAKKHUMPUN, Individually and on behalf of all others similarly situated,

      Plaintiff,

v.

DANIEL J. TAYLOR,
JOHN R. WALLACE,
CARL E. LAKEY, and
KEVIN K. NANKE,

      Defendants.

_____

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE AND HEARING**
_____

WHEREAS, a consolidated class action, entitled *Nakkhumpun, et al. v. Taylor*, Case No. 12-cv-01038-CMA-CBS, is pending before the Court (the "Litigation");

WHEREAS, (i) Lead Plaintiff, Patipan Nakkhumpun ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and the Settlement Class, and (ii) Defendants Daniel J. Taylor, John R. Wallace, Carl E. Lakey, and Kevin K. Nanke (collectively, the "Defendants") have entered into the Stipulation of Settlement dated September 18, 2015 (the "Stipulation"), providing for the settlement of the Litigation and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims, on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation in accordance with the Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto, and all other pleadings herein, and the parties to the Stipulation having consented to entry of this Order; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of the Settlement**.  The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration and final approval at the Settlement Hearing to be conducted as described below.

2.     **Preliminary Certification of Settlement Class**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating the Settlement, a Settlement Class of all Persons who purchased shares of Delta Petroleum Corporation ("Delta") common stock during the period March 11, 2010 through November 9, 2011, inclusive.  Excluded from the Settlement Class are Defendants, members of the immediate family of Defendants, any entity in which any Defendant has or had a controlling interest, former directors and officers of Delta and the legal representatives, heirs, successors, or assigns of any such excluded Person. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice").

3.     With respect to the Settlement Class, the Court preliminarily finds for purposes of effectuating the Settlement that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff/proposed class representative are typical of the claims of the Settlement Class; (d) the Lead Plaintiff/proposed class representative and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members;

(e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the Litigation in this forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is preliminarily certified as the Class Representative and Lead Counsel is preliminarily certified as Class Counsel.

5.      **Settlement Hearing**.  A hearing (the "Settlement Hearing") shall be held before this Court on _____, 201_, at ___ a.m., at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A602, 901 19th Street, Denver, CO  80294, to determine (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to each of the Parties and the Settlement Class and should be approved by the Court; (b) whether the Final Judgment and Order of Dismissal, annexed as Exhibit B to the Stipulation, should be entered dismissing the Litigation with prejudice against the Defendants; (c) whether the proposed Plan of Allocation for the allocation of proceeds of the Settlement is fair and reasonable and

4

should be approved; (d) whether the Fee and Expense Application should be approved; and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in this Order.

6.      The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice, the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing Thereon (the "Publication Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, respectively, and finds that mailing and distribution of the Notice and Proof of Claim and the publication of the Publication Notice substantially in the manner and form set forth in this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Settlement Class, and appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of

1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

8.      **Retention of Claims Administrator and Manner of Notice**.  Lead Counsel is hereby authorized to retain Heffler Claims Group, (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims.

9.      Not later than ten (10) calendar days after the date of entry of this Order, Defendants shall use reasonable efforts to provide the Claims Administrator with an electronic and searchable list (if available) of Delta's registered shareholders, obtained from Delta's transfer records, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, in order to identify and provide notice to Members of the Settlement Class.

10.     Not later than fourteen (14) calendar days after the date of entry of this Order, the Claims Administrator, under the direction of Lead Counsel, shall cause a copy of the Notice and the Proof of Claim (the "Claim Packet"), substantially in the form annexed hereto as Exhibits A-1 and A-2, to be sent by first class mail to all Members of the Settlement Class who can be identified from transfer records and from other sources available to the Claims Administrator and Lead Counsel with reasonable effort (the "Notice Date").

11.     Not later than seven (7) calendar days after the Notice Date, Lead Counsel shall cause the Publication Notice to be published once in the national edition

6

of the *Investor's Business Daily* and transmitted over the national circuit of *PR Newswire.*

12.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.     Additionally, notice of the Litigation and the proposed Settlement shall be posted on the Claims Administrator's website.

14.     **Broker and Nominee Procedures**.  Brokers and nominees who purchased Delta common stock during the Settlement Class Period for the benefit of another Person shall send the Claim Packet to the beneficial owners of such Delta stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Claim Packet to such beneficial owners.  The Claims Administrator shall provide nominees with additional copies of the Claim Packet upon request.  Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Claim Packet by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation.

15. **Participation in the Settlement**.  Members of the Settlement Class who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) calendar days after the Notice Date.  Each Proof of Claim shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late claims provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.

16. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions:  (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel and the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the

8

Proof of Claim must be complete, and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

17.     Any Settlement Class Member who does not submit a Proof of Claim within the time provided or whose claim is not otherwise approved by the Court, (a) shall be deemed to have waived his, her, its right to share in the Net Settlement Fund, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund; (b) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation related thereto, including, but not limited to, the Final Judgment and Order of Dismissal and the releases provided therein, whether favorable or unfavorable to the Settlement Class, unless otherwise ordered by the Court; and (c) will be fully and forever barred from commencing, maintaining, or prosecuting any of the Released Claims against each of the Defendants and their Corresponding Released Parties as defined in the Stipulation. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.     All members of the Settlement Class who do not submit a valid request for exclusion in accordance with Paragraph 19 below shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

19.   **Exclusion From The Settlement Class**.  Any Person falling within the definition of the Settlement Class, may, upon request, be excluded from the Settlement Class.  Any such Person must submit to the Claims Administrator a "Request for Exclusion," postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing to the address specified in the Notice.  A Request for Exclusion must be signed by such person or his, her, or its authorized representative and shall state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Delta common stock made during the Settlement Class Period, including the dates, the number of shares, and price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class.  A Request for Exclusion shall not be effective unless it provides all the required information, including supporting documentation of the Person's purchases and sales of Delta common stock, and is received within the time stated above, or is otherwise accepted by the Court.  Any Settlement Class Member who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Settlement Class Member, and shall be deemed by operation of law to have released all Released Claims against Defendants and their Corresponding Released Parties.

20.   Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is thereby excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the

10

terms of the Settlement or any other orders or judgments in the Litigation, and shall have no right to receive any payment from the Net Settlement Fund.

21.     **Appearance and Objections**.  Settlement Class Members may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

22.     Attendance at the Settlement Hearing is not mandatory. Notwithstanding, any Settlement Class Member may appear and show cause (if he, she or it has any) at the Settlement Hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement and the Final Judgment and Order of Dismissal entered thereon, the Plan of Allocation, or the Fee and Expense Application submitted by Lead Counsel.   However, no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment and Order of Dismissal to be entered thereon approving the Settlement,  the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel unless that Person has filed with the Court and served on Plaintiffs' Counsel and Defendants' Counselwritten objections and copies of any papers and briefs on or before twenty-one (21) calendar days prior to the Settlement Hearing.   Such an objection must be signed and include the name, address, telephone number, the number of shares of Delta common stock purchased and sold during the Settlement Class Period, including proof of all purchases and sales of Delta common stock, and the

reasons for the objection.  Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Final Judgment and Order of Dismissal, to the Plan of Allocation, and/or to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

23.    **Stay**.  All proceedings relating to the Settlement Class in the Litigation, except as set forth in the Stipulation, are stayed until further order of this Court. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, Lead Plaintiff and Members of the Settlement Class, either directly, representatively, or in any other capacity, shall not institute, commence, or prosecute any other proceedings, other than those incident to the Settlement itself, against Defendants and any of the Corresponding Released Parties in any action or proceeding in any court or tribunal.

24.    **Settlement Funds**.  The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No Person that is not a member of the Settlement Class, a Lead Plaintiff or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.     **Settlement Administration Fees and Expenses**.  All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation without further order of the Court.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund in accordance with the Stipulation.

27.     **Taxes**.  Lead Counsel is authorized and directed to prepare any tax returns and any tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

28.     **Use of This Order**.  Neither the Stipulation nor the Settlement set forth therein, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it:  (a) shall be deemed to be, or shall be used as an admission of any Defendant, any Corresponding Released Party, or any other Person of the validity of any Released Claims, or any wrongdoing by or liability of any Defendant or

13

Corresponding Released Party; (b) shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendant or any Corresponding Released Party in any statement, release, or written documents issued, filed, or made; (c) shall be offered or received in evidence against any Defendant or Corresponding Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto, and/or the Final Judgment and Dismissal Order, except that the Stipulation may be filed in the Litigation or in any subsequent action brought against any of the Defendants, their insurers, and/or any of the Corresponding Released Parties in order to support a defense or counterclaim of any Defendant and/or any Corresponding Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (d) shall be construed against the Defendants, Corresponding Released Parties, Lead Plaintiff, and Members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (e) shall be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff and Members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

29.     **Termination**.  If the Settlement is terminated, is not approved by this Court, or the Effective Date does not occur, then this Order shall become null and void, of no further force and effect, and shall be without prejudice to the rights of  the Lead Plaintiff, Settlement Class Members, and Defendants, all of whom shall be restored to their respective positions with respect to the Litigation, as provided for in the Stipulation.

30.     **Supporting Papers**.  All papers in support of the Settlement, the Plan of Allocation, and the application by Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses shall be filed and served no later than thirty (30) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

31.     **Retention of Jurisdiction**.  The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.


So Ordered:_____, 2015   _____
                                  HONORABLE CHRISTINE M. ARGUELLO
                                  UNITED STATES DISTRICT COURT JUDGE

---

**EXHIBIT A-1**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01038-CMA-CBS (Consolidated for all purposes with
Civil Action No. 12-cv-01521-CMA-CBS)

PATIPAN NAKKHUMPUN, Individually and on behalf of all others similarly situated,

      Plaintiff,

v.

DANIEL J. TAYLOR,
JOHN R. WALLACE,
CARL E. LAKEY, and
KEVIN K. NANKE,

      Defendants.

_____

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND
SETTLEMENT HEARING THEREON**
_____

**TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK OF DELTA PETROLEUM CORPORATION ("DELTA") DURING THE PERIOD MARCH 11, 2010 THROUGH NOVEMBER 9, 2011, INCLUSIVE ("CLASS PERIOD" or "SETTLEMENT CLASS PERIOD").[1]**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 201_.

- **Security and Time Period**:  Delta common stock purchased during the period March 11, 2010 through November 9, 2011, inclusive.

- **Settlement Fund**:  $3,200,000.00 in cash, plus all interest or income earned thereon. Your recovery will depend on the amount of Delta common stock you purchased, the timing of your purchases and sales, if any, and the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, if at all.  Based on the information currently available to Lead Plaintiff and the analysis performed by his damages consultant, it is estimated that if Settlement Class Members submit claims for 100% of the shares eligible for a distribution under the proposed Plan of Allocation (described in Question 9 below), the estimated average distribution per share will be approximately $0.31 before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Settlement Class and settlement administration and any attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel.  Historically, actual claim rates are less than 100%, which results in higher distributions per share.  The payment you get will reflect the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

- **Reasons for Settlement**: Provides for a substantial dollar recovery now while avoiding the costs and risks associated with continued litigation, including the danger of no recovery.

- **If the Case Had Not Settled**:  The Settlement resolves claims against Defendants for alleged violations of the federal securities laws that have been pending since 2012. Defendants deny all allegations of wrongdoing. The Settlement provides the Settlement Class with a substantial benefit now (namely $3.2 million, plus interest), as

---

[1] All otherwise undefined terms have the definitions set forth in the Stipulation of Settlement (the "Stipulation"), executed by the Parties on September 18, 2015.

compared to the risk that a smaller or no recovery would be achieved after engaging in years of further litigation – including contested motions, trial, and likely appeals, in which Defendants would have the opportunity to assert defenses to the claims asserted against them.   In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class Members, Lead Plaintiff believes that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

- **Fees and Expenses**:  Plaintiffs' Counsel, who have been prosecuting this Litigation on a wholly-contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class (including, but not limited to, investigating the facts, drafting and filing the Complaint, responding to Defendants' motions to dismiss, and negotiating the Settlement) and have advanced the funds to pay expenses necessarily incurred to prosecute the Litigation.   Lead Plaintiff's Counsel will ask the Court for attorneys' fees not to exceed 33% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $98,500 to be paid from the Settlement Fund.  Additionally, Lead Plaintiff may request an award for the reimbursement of his costs and expenses relating to his direct representation of the Settlement Class not to exceed $3,500.  If the above amounts are requested and approved by the Court, the average cost per share will be approximately $0.11. After deduction of the requested attorneys' fees, expenses, and reimbursement award, the approximate recovery is an average of $0.20 per damaged share of Delta common stock.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN** _____ __, ____ | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN** _____ __, 2015 | Get no payment.  This is the only option that allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN** _____ __, 2015 | Write to the Court about why you do not like the Settlement. |
| **GO TO THE SETTLEMENT HEARING ON** _____ __, 2015 | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                      Page _
What Is The Lawsuit About?                                                      Page _
Why Is This A Class Action?                                                     Page _
Why Is There A Settlement?                                                      Page _
How Do I Know If I Am Part of The Settlement?                                   Page _
Are There Exceptions To Being Included In the Settlement?                       Page _
What Does The Settlement Provide?                                               Page _
How Much Will My Payment Be? What Is The Plan Of Allocation?                    Page _
How Do I Participate In The Settlement?                                         Page _
When Will I Receive My Payment?                                                 Page _
What Rights Am I Giving Up By Remaining In The Settlement Class?                Page _
What If A Settlement Class Member Is Deceased?                                  Page _
What If I bought Delta Stock On Someone Else's Behalf                           Page _
How Do I Exclude Myself From The Settlement?                                    Page _
If I Do Not Exclude Myself, Can I Sue Defendants For The Same Thing Later?      Page _
If I Exclude Myself, Can I Get Money From This Settlement?                      Page _
Do I Have A Lawyer In This Case?                                                Page _
How Will The Lawyers Be Paid?                                                   Page _
How Do I Tell The Court That I Do Not Like The Settlement?                      Page _
What Is The Difference Between Objecting and Excluding?                         Page _
When And Where Will the Court Decide Whether To Approve The Settlement?         Page _
Do I Have To Come To The Hearing?                                               Page _
May I Speak At The Settlement Hearing                                           Page _
What Happens If I Do Nothing At All?                                            Page _
How Can I Get More Information?                                                 Page _

**1.    Why Did I Get This Notice Package?**

You or someone in your family may have purchased shares of Delta common stock during the period March 11, 2010 through November 9, 2011, inclusive.

The Court directed us to send this Notice because, as a potential Settlement Class Member, you have a right to know about the proposed Settlement, and about all of your options. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. *See* Question 3 below. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will issue payments pursuant to the Settlement and the court-approved Plan of Allocation. This Notice is also being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application.

4

The Court in charge of the case is the Honorable Christine M. Arguello of the United States District Court for the District of Colorado, and the case is known as *Nakkhumpun, et al. v. Taylor*, Case No. 12-cv-1038-CMA-CBS.

## 2.    What Is This Lawsuit About?

Lead Plaintiff alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by misrepresenting and omitting material facts about, among other things, the liquidity and financial condition of Delta, the reasons for the termination of a proposed asset sale transaction with Opon International LLC, and the accounting value of Delta's oil and gas assets.   Lead Plaintiff also alleges that the purported false and misleading statements and omissions resulted in the artificial inflation of the price of Delta common stock during the period March 11, 2010 through November 9, 2011, inclusive.

Defendants, individually and collectively, have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they have committed or attempted to commit, any of the wrongful acts or violations of law that are alleged in the Litigation, including that they made any material misrepresentations or omissions or that the Lead Plaintiff or Members of the Settlement Class were harmed by the conduct alleged in the Complaint.   In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.

Lead Plaintiff and Defendants disagree on liability and damages.   Defendants deny that they can be held liable under the federal securities laws.   The Settlement resolves all claims against Defendants.

## 3.    Why Is This a Class Action?

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.   Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class. Here, all these people, together, are called the Settlement Class or Settlement Class Members.

In a class action, one or more people called lead plaintiffs or class representatives sue on behalf of people who have similar claims.   In the Litigation, the Court appointed Patipan Nakkhumpun to serve as the Lead Plaintiff, and approved Lead Plaintiff's selection of Federman & Sherwood to serve as lead counsel on behalf of the Settlement Class ("Lead Counsel").

The Court has preliminarily certified the Litigation to proceed as a class action for settlement purposes only and preliminarily certified Lead Plaintiff as the representative for the Settlement Class.

## 4.     Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, the Parties have negotiated a settlement that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Settlement Class Members to be compensated without further delay.

The proposed Settlement was arrived at through arms'-length negotiations conducted over several months.  Lead Plaintiff and Lead Counsel agreed to the terms of the proposed Settlement after considering the results of their factual and legal investigation, and the strengths and weaknesses of the claims and defenses asserted in the Litigation.  Based upon that evaluation, among other things, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims alleged in the Litigation pursuant to the terms and provisions of the Stipulation.

## 5.     How Do I Know If I Am Part of the Settlement?

The Settlement Class includes all Persons who purchased Delta common stock during the period March 11, 2010 through November 9, 2011, inclusive, except those Persons who are excluded, as described below.

## 6.     Are There Exceptions to Being Included in the Settlement Class?

Yes. Excluded from the Settlement Class are Defendants, members of the immediate family of the Individual Defendants, any entity in which any Defendants have or had a controlling interest, any entity for which any Defendant acted as an investment member, current and former directors and officers of Delta and the legal representatives, heirs, successors, or assigns of any such excluded Person.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

## 7.     What Does the Settlement Provide?

Defendants have agreed to cause their insurer to pay $3.2 million in cash in settlement of the Litigation (the "Cash Settlement Amount").  The Cash Settlement Amount, plus interest or income earned thereon from the date it is established (the "Settlement Fund"), less costs, fees, and expenses (the "Net Settlement Fund"), will be

divided among all eligible Settlement Class Members who submit valid Proofs of Claim and whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Settlement Class Members, including the costs of printing and mailing this Notice and the cost of publishing the Publication Notice, the costs of claims administration, and Taxes on the Settlement Fund.

**8.      How Much Will My Payment Be?  What is the Plan of Allocation?**

Your share of the Net Settlement Fund will depend on (a) the number of valid Proofs of Claim submitted by Settlement Class Members (the fewer the number of Settlement Class Members who choose to participate in the Settlement, the larger will be the recovery for each participating Settlement Class Member) and (b) how many shares of Delta common stock you purchased during the Settlement Class Period and when you bought and sold them.

In order to recover damages, you must have suffered an actual monetary loss on the shares of Delta common stock that you purchased during the Settlement Class Period (as defined in the Plan of Allocation).  The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement date."

For Settlement Class Members who held shares of Delta common stock at the beginning of the Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim.  Under the FIFO method, sales of shares during the Settlement Class Period will be matched, in chronological order, first against shares held at the beginning of the Settlement Class Period.  The remaining sales of shares during the Settlement Class Period will then be matched, in chronological order, against shares purchased during the Settlement Class Period.

The payment you get will reflect your *pro rata* share of the amount in the Net Settlement Fund (as a fraction, your recognized loss divided by the total of all recognized losses for the Net Settlement Fund) after deduction of Court-approved fees and expenses. Depending on the number of eligible shares that participate in the proposed Settlement and when those shares were purchased and sold, the estimated average payment will be approximately $0.31 per share before deduction of court-approved fees and expenses (with an approximate average cost per share of $0.11).  The number of Claimants who send in claims varies widely from case to case.  You could receive more or less money per share than described above.

In addition, no distribution will be made unless the amount of the check will be at least $10.00.

The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel (in consultation with Lead Plaintiff's financial expert) to the Court for approval.  The Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.[ _____ ].com.

The Plan of Allocation for distributing the Net Settlement Fund is as follows:

1. The Settlement Fund, less all taxes, approved costs, attorneys' fees and/or expenses and Lead Plaintiff's incentive or service awards, including the expenses of class notice and claims administration, shall constitute the Net Settlement Fund.  The Net Settlement Fund shall be distributed to persons who suffered recognized losses based upon their transactions in Delta common stock during the Class Period and who submit timely, valid and acceptable Proofs of Claim ("Authorized Claimants").

2. As described in this Plan of Allocation, the Net Settlement Fund will be available to pay Recognized Claims (as defined hereafter) for losses incurred by Authorized Claimants based upon the number of shares of Delta common stock that such Authorized Claimants purchased and sold or retained during the Class Period.  The Plan of Allocation reflects Lead Counsel's determination, in consultation with their economic and damages expert, of the merits and the relative strengths and weaknesses (including recoverable damages) of Class Members' claims.  In developing this Plan of Allocation, Lead Counsel and their economic and damages expert have considered, among other things,  the United States Court of Appeals for the Tenth Circuit's affirmance of the District Court's dismissal of all claims based on purchases of Delta common stock prior to July 7, 2010.

3. Under the federal securities laws, persons who purchased Delta common stock may recover, in general, only for losses caused by disclosures correcting a prior misleading statement, and may not recover for the price declines caused by general market factors or by the disclosure of other information that is not alleged to be the subject of a prior misstatement.  Persons who both purchased and sold Delta common stock prior to a corrective disclosure may not have recoverable damages resulting from those transactions.

4. Accordingly, pursuant to this Plan of Allocation, only those Class Members who purchased their Delta common stock during the Class Period and retained those shares until after the close of trading on November 9, 2011, and meet all other conditions of this Plan of Allocation, will be eligible to receive a distribution from the Net Settlement Fund.  For the same reasons, Class Members generally will not have a Recognized Claim and will not receive a distribution from the Net

Settlement Fund for those transactions in which they purchased Delta common stock during the Class Period and sold before the end of trading on November 9, 2011.

5. Additionally, because the United States Court of Appeals for the Tenth Circuit affirmed the dismissal of all claims except those made against Defendant Taylor for statements made in a press release on July 7, 2010, Class Members generally will not have a Recognized Claim and will not receive a distribution from the Net Settlement Fund for those transactions in which they purchased Delta common stock during the Class Period prior to July 7, 2010.

6. As described herein, the Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to this Plan of Allocation.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  All payments made to Authorized Claimants from the Net Settlement Fund pursuant to this Plan of Allocation shall be made in United States Dollars ($).

7. For each share of Delta common stock purchased from March 11, 2010 and the close of trading on July 6, 2010, inclusive, the Recognized Claim is zero ($0.00).

8. For each share of Delta common stock purchased from the close of trading on July 6, 2010 and the close of trading November 9, 2011, inclusive, and:

    a. Sold before the close of trading on November 9, 2011, the Recognized Claim is zero ($0.00).

    b. Held as of the close of trading on November 9, 2011, the Recognized Claim shall be the lesser of $1.34 per share; or the difference between the purchase price per share and $0.71 per share, if greater than zero.

If there is any balance remaining in the Net Settlement Fund six months from the date of distribution of the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable efforts to have Authorized Claimants cash their distributions, and if it is economically feasible, any balance remaining in the Net Settlement Fund will be redistributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution after the payment of any Taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If, after six months following such redistribution funds still remain in the Net Settlement Fund, the outstanding balance shall be donated to a non-sectarian, not-for-profit 501(c)(3)

organization serving the public interest, designated by Lead Plaintiff and approved by the Court.

**9.      How Will I Receive a Payment?**

Each Person wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim establishing membership in the Settlement Class, and include all required documentation, postmarked on or before [     ], 2015, to the address set forth in the Proof of Claim that accompanies this Notice.  A Proof of Claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked on or before ___, 201_.

Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim postmarked on or before [     ], 201_, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement that is approved, including the terms of any judgment entered and releases given.

Persons that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Proof of Claim.

**10.     When Will I Receive My Payment?**

The Court will hold a hearing on _____, 201_, to decide whether to approve the Settlement, the proposed Plan of Allocation, and Fee and Expense Application.  If the Settlement is approved by the Court, and upon satisfaction of the other conditions to the Settlement, including the expiration of the time for the filing of any appeals, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court.

The claims administration process takes time.  Please be patient.

**11.     What Rights Am I Giving Up by Remaining in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants and their Corresponding Released Parties about the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you and, in return for your participation in the Settlement, you will release your claims in this case against the Defendants and their Corresponding Released Parties.  The terms of the release are included in the Proof of Claim that is enclosed.

**12.     What If A Settlement Class Member Is Deceased?**

The authorized legal representative(s) of a Settlement Class Member may receive a recovery on behalf of the deceased Settlement Class Member.

**13.     What If I Bought Delta Common Stock On Someone Else's Behalf?**

If you purchased Delta common stock during the Settlement Class Period for the beneficial interest of a Settlement Class Member, you must either (a) send copies of the Notice and Proof of Claim to the beneficial owner(s) of the stock within ten (10) days from the receipt of the Notice, and provide written confirmation to the Claims Administrator of such transmittal, or (b) provide the Claims Administrator with the names and addresses of such beneficial owner(s) within ten (10) days from the receipt of the Notice, in which event the Claims Administrator will promptly mail the Notice and Proof of Claim to such beneficial owner(s). The Claims Administrator will provide nominees with additional copies of the Notice and Proof of Claim upon request.   Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Notice and Proof Claim by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of this Notice and the Proof of Claim can be obtained from the website maintained by the Claims Administrator, www.[   ].com, by calling the Claims Administrator toll-free at 1-800-[   ], or from Lead Counsel's website, www.federmanlaw.com.

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or is sometimes referred to as opting out of, the Settlement Class.

**14.     How Do I Exclude Myself from the Settlement?**

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from the Settlement Class.

To exclude yourself from the Settlement Class, you must send a letter by first-class mail by [      ], 201_, stating that you want to be excluded from *Nakkhumpun, et al. v. Taylor*, Case No. 12-cv-01038-CMA-CBS.  You must include (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Delta common stock made during the Settlement Class Period, including the dates, the number of shares, and price paid or received per share for each such purchase or sale; and (c) a statement that the Person wishes to be excluded from the Settlement

Class.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.

Any Person who wishes to exclude him/her/itself from the Settlement Class must submit a valid and timely Request for Exclusion to:

[Claims Administrator]
*Nakkhumpun, et al. v. Taylor*
EXCLUSIONS
[ADDRESS]
[CITY STATE ZIP]

You cannot exclude yourself on the phone, by fax, or by e-mail.  If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement, or any part of it.

## 15.   If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you exclude yourself, you give up any right to sue the Defendants and their Corresponding Released Parties for all the Released Claims in the Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is [ ], 201_.

## 16.   If I Exclude Myself, Can I Get Money from This Settlement?

No.  If you exclude yourself, do not send in a Proof of Claim.  But, you may sue, continue to sue, or be part of a different lawsuit, involving the Released Claims against the Defendants and their Corresponding Parties.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

## 17.   Do I Have a Lawyer in This Case?

The Court appointed Federman & Sherwood (Lead Counsel) to represent you and other Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 18.   How Will the Lawyers Be Paid?

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Settlement Class and have not been paid for their substantial out-of-pocket expenses.  Plaintiffs' Counsel,

including Lead Counsel, will ask the Court for an award of attorneys' fees not to exceed 33% of the Settlement Fund and for the reimbursement of out-of-pocket expenses of up to $98,500, which were incurred in connection with the Litigation. Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested, to the extent they are awarded by the Court, will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly-contingent basis. The fees requested, if awarded, will compensate Plaintiffs' Counsel for their work and risk in achieving the Settlement. Plaintiffs' Counsel believe that these fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

**19.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the proposed Plan of Allocation and the request for attorneys' fees and reimbursement of out-of-pocket expenses. You can state why you think the Court should not approve it. The Court will consider your views. To object, you must send a written objection saying that you object to the Settlement, or any part of it, in *Nakkhumpun, et al. v. Taylor*, Case No. 12-cv-01038-CMA-CBS. Be sure to include your name, address, telephone number, your signature, the number of shares of Delta common stock purchased and sold during the period March 11, 2010 through November 9, 2011, inclusive, including proof of the number of shares of Delta common stock you purchased and sold during the Settlement Class Period, and the reasons for your objection. Any Person who wishes to object to the Settlement, the Plan of Allocation and/or the Fee and Expenses Application must file and serve an objection on or before [  ], 201_, to:

| **Clerk's Office** | **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|---|
| Clerk of Court | William B. Federman, Esq. | Eric Landau, Esq. |
| United States District Court | FEDERMAN & SHERWOOD | JONES DAY |
| District of Colorado | 10205 N. Pennsylvania Ave. | 3161 Michelson Dr., Ste. 800 |
| Alfred A. Arraj U.S. Courthouse | Oklahoma City, OK 73120 | Irvine, CA 92612 |
| Room A-105 | Facsimile: (405) 239-2112 | Facsimile: (949) 553-7539 |
| 901 19th Street | | |
| Denver, CO 80294-3589 | | |

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the proposed Settlement, proposed Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense.  If you wish to be heard orally at the hearing in opposition to the approval of the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the Claims Administrator at the address set forth above.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Fee and Expense Application.

## 20.    What is the Difference Between Objecting and Excluding?

Objecting is telling the Court that you do not like something about the proposed Settlement or any part of it, including the proposed Plan of Allocation, and Fee and Expense Application.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## 21.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a hearing to decide whether to approve the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You may attend and you may ask to speak, but you do not have to.

The fairness will take place at _____ a.m., on _____, 201_, at the Alfred A. Arraj United States Courthouse, Courtroom A602, 901 19th Street, Denver, CO 80294.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Arguello will listen to people who have asked to speak at the hearing.  *See* Question 19, above.  The Court will also decide whether to approve the proposed Plan of Allocation and the payment of fees and expenses to Plaintiffs' Counsel.  The Court may decide these issues at the hearing or take them under consideration and decide them at a later time.  We do not know how long these decisions will take.

The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**22.    Do I have to Come to the Hearing?**

No.  Settlement Class Members do not need to attend the Settlement Hearing; thus, you are not obligated to attend.  Lead Counsel will answer any questions Judge Arguello may have.  Moreover, the Court will consider any submission made in accordance with the provisions in this Notice even if the Settlement Class Member does not attend the hearing.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  *See* Question 19, above.

**23.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Nakkhumpun, et al. v. Taylor*, Case No. 12-cv-01038-CMA-CBS.  Be sure to include your name, address, telephone number, your signature, and the number of shares of Delta common stock purchased during the Settlement Class Period.  Your notice of intention to appear must be filed with the Court at the address above (*see* Question 19) prior to the date of the Settlement Hearing, and be sent to the Lead Counsel, and Defendants' counsel, at the addresses below.

| | |
|---|---|
| FEDERMAN & SHERWOOD | JONES DAY |
| William B. Federman, Esq. | Eric Landau, Esq. |
| Stuart W. Emmons, Esq. | Travis Biffar, Esq. |
| 10205 N. Pennsylvania Avenue | 3161 Michelson Drive, Suite 800 |
| Oklahoma City, OK 73120 | Irvine, California  92612 |
| | |
| *Counsel for Lead Plaintiff and Lead Counsel for the Settlement Class* | *Counsel for Defendants* |

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**24.    What Happens if I Do Nothing at All?**

If you do nothing, you will receive no money from the Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and their Corresponding Related Parties about the Released Claims in this case.

**25.    How Do I Get More Information?**

This Notice is a summary and does not describe all of the details of the Stipulation of Settlement.  For the precise terms and conditions of the proposed Settlement, you may

review the Stipulation filed with the Court, as well as the other pleadings and records of the Litigation, which may be inspected during regular business hours, at the office of the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Room A-105, 901 19th Street, Denver, CO 80294-3589, during regular business hours, at www.[     ], or from Lead Counsel's website, www.federmanlaw.com.  Settlement Class Members without access to the internet may be able to review the Stipulation on-line at locations such as a public library.

For further information regarding the proposed Settlement you may contact: the Claims Administrator at *Nakkhumpun, et al. v. Taylor*, c/o [CLAIMS ADMINISTRATOR], P.O. Box [   ], [ADDRESS], or call (800) [     ], stating that you are requesting assistance regarding the Delta litigation. You may also contact William B. Federman, Esq. or Stuart W. Emmons, Esq., Federman & Sherwood, 10205 N. Pennsylvania Avenue, Oklahoma City, OK 73120, or call (405) 235-1560.   Please do not call any representative of Defendants.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

---

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

Bankers, brokers, and nominees ("Nominees") who held Delta common stock purchased during the period March 11, 2010 through November 9, 2011, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such Delta common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners.   Nominees may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.   Nominees who do not intend to comply with the provisions of this paragraph are requested to notify the Claims Administrator of that fact.

---

DATED: _____, 201_          BY ORDER OF THE COURT
                                                      UNITED STATES DISTRICT COURT
                                                      DISTRICT OF COLORADO

_____

**EXHIBIT A-2**

_____

*Nakkhumpun, et al. v. Taylor*
c/o Heffler Claims Group
P.O. Box ___
_____

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission:** _____

**IF YOU PURCHASED THE COMMON STOCK OF DELTA PETROLEUM CORPORATION ("DELTA") DURING THE PERIOD MARCH 11, 2010 THROUGH NOVEMBER 9, 2011, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.**

**YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO HEFFLER CLAIMS GROUP, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:**

*Nakkhumpun, et al. v. Taylor*
c/o Heffler Claims Group
P.O. Box ___
_____

**YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 201_ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.**

### CLAIMANT'S STATEMENT

1. I (we) purchased common stock of Delta during the period March 11, 2010 through November 9, 2011, inclusive, and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase Delta common stock during the designated Settlement Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must

submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each transaction in Delta stock during the Settlement Class Period. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Delta stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The requested information is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as defined in the Stipulation of Settlement.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at [_____] or visit their website at www._____.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## I. CLAIMANT INFORMATION

| Name |
|---|
| |

| Joint Name |
|---|
| |

| Address |
|---|
| |

| City | State | ZIP |
|---|---|---|
| | | |

| Foreign Province | Foreign Country |
|---|---|
| | |

| Day Phone | Evening Phone |
|---|---|
| | |

| Email |
|---|
| |

| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

The Internal Revenue Service ("I.R.S.") requires either your social security number or taxpayer identification number. If you fail to provide this information, your claim may be rejected.

## II. SCHEDULE OF TRANSACTIONS IN DELTA STOCK

**Beginning Holdings:**

A. State the total number of shares of Delta common stock owned at the close of trading on July 6, 2010, long or short (*must be documented*).

**Purchases During the Settlement Class Period:**

B. Separately list each and every purchase of Delta common stock during the period from July 7, 2010, through November 9, 2011, inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Sales During the Settlement Class Period:**

C.  Separately list each and every sale of Delta common stock during the period from March 11, 2010, through November 9, 2011, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**End Holdings:**

D.  State the total number of shares of Delta common stock owned at the close of trading on November 9, 2011, long or short (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.**

## III. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

**THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, 201_ AND MUST BE MAILED TO:**

*Nakkhumpun, et al. v. Taylor*
c/o Heffler Claims Group
P.O. Box ___
_____

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 201_ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

### REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page ___.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

---

**EXHIBIT A-3**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01038-CMA-CBS (Consolidated for all purposes with
Civil Action No. 12-cv-01521-CMA-CBS)

PATIPAN NAKKHUMPUN, Individually and on behalf of all others similarly situated,

      Plaintiff,

v.

DANIEL J. TAYLOR,
JOHN R. WALLACE,
CARL E. LAKEY, and
KEVIN K. NANKE,

      Defendants.

_____

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF ACTION
AND SETTLEMENT HEARING THEREON**
_____

TO:   **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF DELTA PETROLEUM CORPORATION ("DELTA") DURING THE PERIOD FROM MARCH 11, 2010 THROUGH NOVEMBER 9, 2011, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Colorado, that Lead Plaintiff in the above-captioned litigation (the "Litigation") have reached a proposed settlement with Defendants for $3,200,000.00 in cash, plus interest earned (the "Settlement").

A hearing will be held on _____, 201_, at ___ a.m., before the Honorable Christine M. Arguello, United States District Judge, in Courtroom A602 of the United States District Court, Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294, for the purpose of determining:  (1) whether the Court should certify the Settlement Class for purposes of the Settlement pursuant to Federal Rule of Civil Procedure 23; (2) whether the proposed Settlement of $3,200,000.00 in cash, plus any return thereon, should be approved by the Court as fair, just, reasonable, and adequate; (3) whether the Litigation should be dismissed with prejudice as against Defendants and their Corresponding Released Parties as set forth in the Stipulation of Settlement dated as of September 18, 2015; (4) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (5) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred in connection with the Litigation should be approved; and (6) such other matters as the Court may deem appropriate.

**If you purchased Delta's common stock during the period of March 11, 2010 through November 9, 2011, inclusive, your rights may be affected by the settlement of the Litigation.**  If you have not received a detailed Notice of Pendency and Proposed Settlement (the "Notice") and a copy of the Proof of Claim, you may obtain copies by writing to *Nakkhumpun, et al. v. Taylor*, c/o Heffler Claims Group,

Claims Administrator, [ADDRESS, CITY STATE ZIP], or by calling [TOLL-FREE NUMBER]. You may also obtain copies on the internet at www._____.com. Complete information concerning the Litigation may be obtained from the Court files on this matter.

If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must timely submit a Proof of Claim to the Claims Administrator's address provided above and postmarked no later than _____, 201_. If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment or orders entered by the Court.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion, at the address above and postmarked no later than _____, 201_, in the manner and form detailed in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgment or orders entered by the Court in the Litigation and you will not be eligible to share in the proceeds of the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, and/or Fee and Expense Application must be filed in the manner detailed in the Notice with the Clerk of the Court and delivered to Lead Counsel for Plaintiffs and Counsel for Defendants, such that it is received by each party no later than _____, 201_, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  Any questions, should be directed to:

**Claims Administrator:**

*Nakkhumpun, et al. v. Taylor*
c/o Heffler Claims Administration
P.O. Box _____
_____
[Toll-free number]
www._____.com

**Lead Counsel for Plaintiffs:**

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560
wbf@federmanlaw.com


DATED: _____, 2015        BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

---

**EXHIBIT B**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01038-CMA-CBS (Consolidated for all purposes with
Civil Action No. 12-cv-01521-CMA-CBS)

PATIPAN NAKKHUMPUN, Individually and on behalf of all others similarly situated,

      Plaintiff,

v.

DANIEL J. TAYLOR,
JOHN R. WALLACE,
CARL E. LAKEY, and
KEVIN K. NANKE,

      Defendants.

_____

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**
_____

WHEREAS, (i) Lead Plaintiff, Patipan Nakkhumpun ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and the Settlement Class, and (ii) Defendants Daniel J. Taylor, John R. Wallace, Carl E. Lakey, and Kevin K. Nanke ("Defendants") have entered into the Stipulation of Settlement dated September 18, 2015 (the "Stipulation"), providing for the settlement of the Litigation and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims (the "Stipulation"), on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation;

WHEREAS, in the Preliminary Approval Order dated [     ], 2015, this Court (a) preliminarily approved the Settlement; (b) preliminarily certified the Litigation as a class action for settlement purposes; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application; and (e) scheduled a hearing regarding, among other things, final approval of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on [     ], 2015 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants; (iii) whether to approve the Plan of Allocation as a fair and

2

reasonable method to allocate the Settlement proceeds among the Members of the Settlement Class; and (iv) whether and in what amount to award Plaintiffs' Counsel's fees and reimbursement of expenses;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Litigation, and with good cause appearing therefor; and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including, but not limited to, Lead Plaintiff, all Settlement Class Members, and Defendants.

3. Lead Plaintiff is hereby appointed, for settlement purposes only, as the Settlement Class Representative in respect of the Settlement Class for purposes of Federal Rule of Civil Procedure 23.  Federman & Sherwood, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as Class Counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

4. The Settlement Class that this Court preliminarily certified in the Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3).

5. The Settlement Class certified for settlement purposes by this Judgment consists of all Persons who purchased the common stock of Delta Petroleum

3

Corporation ("Delta") during the period March 11, 2010 through November 9, 2011, inclusive.  Excluded from the Settlement Class are Defendants, members of the immediate family of the Defendants, any entity in which any Defendant has or had a controlling interest, any entity for which any Defendant acted as an investment manager, current and former directors and officers of Delta and the legal representatives, heirs, successors, or assigns of any such excluded Person.

6.      In addition, excluded from the Settlement Class are those Persons identified in Exhibit 1, annexed hereto, who timely and validly requested exclusion from the Settlement Class.[1]

7.      In granting final certification of the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the

_____

[1] The absence of an Exhibit 1 from this Order reflects that no Persons requested exclusion from the Class.

litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

8.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

9.      The Settlement is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

10.     Except as to any individual claim of those Persons (identified in Exhibit 1) who have validly and timely requested exclusion from the Settlement Class, the Litigation (including all individual claims and Settlement Class claims presented thereby) is dismissed with prejudice.  The Parties are to bear their own fees and costs, except as otherwise provided in the Stipulation.

11.     Upon the Effective Date hereof, and in consideration of:  (a) Defendants' agreement to instruct their insurance carrier to pay the amount of $3.2 million (the "Cash Settlement Amount") and (b) Defendants' release of Defendants' Released Claims, as set forth in the Stipulation, Lead Plaintiff and each Settlement Class Member (and their Corresponding Released Parties, as set forth in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims, as defined in the Stipulation) against Defendants, and each of them, and each of their Corresponding Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim.  The releases provided for in the Stipulation are effective as of the Effective Date.

12.     The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of

whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

13.     The Persons listed on Exhibit 1 have submitted a valid request for exclusion from the Settlement Class that was accepted by the Court.  By virtue of such request, these Persons are deemed not to be Members of the Settlement Class, and have no rights to participate in the Settlement or to receive any distributions from the Net Settlement Fund.  Except for the Persons listed on Exhibit 1, no other Persons have submitted requests for exclusion from the Settlement Class that were accepted by the Court.  The Persons listed on Exhibit 1 are the only Persons whose request for exclusion has been accepted, and, as a consequence, these Persons are not bound by the terms of the Stipulation and this Final Judgment and Order of Dismissal.

14.     The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any Corresponding Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Lead Counsel, Lead Plaintiff, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Proofs of Claim and the distribution of the Net Settlement Fund to Settlement Class Members.

15.     The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

16.     Settlement Class Members who have not been excluded from the Settlement Class are hereby barred and enjoined from (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or relating to the Released Claims, and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the Released Claims.

17.     Except as otherwise expressly set forth in the Stipulation, upon the Effective Date, pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(f)7, this Final Judgment and Order of Dismissal bars and permanently enjoins all Persons from instituting or prosecuting any action or proceeding against the Defendants for equitable, partial, comparative, or complete contribution, subrogation, or indemnity, however denominated, arising out of or relating in any way to the Released Claims.

18.     Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiff, the Settlement Class, and all members thereof, Defendants, and each of them (and their Corresponding Released Parties), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Lead Plaintiff, Settlement Class Members, Lead Plaintiff's Counsel, and each of them, and each of their Corresponding Released Parties from all Released Defendants' Claims (including Unknown Claims).

19.     The Notice was disseminated and published in accordance with the Preliminary Approval Order.  The form and method of notifying the Settlement Class of

7

the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA")), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

20.    The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

21.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing or liability of the Defendants and their Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of any of the Defendants, or any of their Corresponding Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may deemed to be or shall be used, offered or received against the Defendants, Lead Plaintiff, their Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact

8

alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; and (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the parties and their Corresponding Released Parties, or each or any of them, that any of the Lead Plaintiff's claims are with or without merit, that damages recoverable under the Lead Plaintiff's operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the parties or any of their Corresponding Released Parties may file this Stipulation and/or the Final Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22.     Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over the parties and Members of the Settlement Class for all matters relating to the: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest or income earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) construction, interpretation, enforcement, effectuation, and administration of the Stipulation.

23.     The Court finds that the complaints filed in the Litigation were filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that during the course of the Litigation, the

parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

24.     Plaintiffs' Counsel are hereby awarded __% of the Settlement Fund in attorneys' fees and $[     ] in reimbursement of expenses, with interest earned thereon. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

    a.      the Settlement has created a fund of $3,200,000.00 in cash, plus interest or income earned thereon, that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel.

    b.      Plaintiffs' Counsel have litigated the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    c.      the Litigation involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    d.      had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

    e.      Plaintiffs' Counsel have devoted over [   ] hours, with a lodestar value of $[     ], to achieve the Settlement; and

    f.      the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and consistent with fee and expense awards in similar cases.

25.     The awarded attorneys' fees and expenses, and interest or income earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the

date this Final Judgment and Order of Dismissal is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

26.     Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiff $_____ for his time and expense in representing the Class.  The reimbursement award shall be paid to Lead Plaintiff from the Settlement Fund pursuant to the terms of the Stipulation.

27.     The approved Plan of Allocation or award of attorneys' fees and expenses in no way shall disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

28.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

29.     Without further approval from the Court, the parties are authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation and its implementing documents (including all exhibits to the Stipulation) as (a) shall be consistent in all material respects with this Judgment, or (b) do not materially limit the rights of Settlement Class Members.  Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

30.     As there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal, the Court hereby directs that this Final Judgment and Order of Dismissal be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure

11

54(b).  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this Judgment fully and finally adjudicates the claims of the Lead Plaintiff and the Settlement Class against  Defendants in this Litigation, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Settlement Class Members.

IT IS SO ORDERED:

Dated:  _____, 2015     _____

THE HONORABLE CHRISTINE M. ARGUELLO
UNITED STATES DISTRICT COURT JUDGE