**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01038-CMA-CBS (Consolidated for all purposes with
Civil Action No. 12-cv-01521-CMA-CBS)

PATIPAN NAKKHUMPUN, Individually and on behalf of all others similarly situated,

    Plaintiff,
v.

DANIEL J. TAYLOR,
JOHN R. WALLACE,
CARL E. LAKEY, and
KEVIN K. NANKE,

    Defendants.
_____

**FINAL JUDGMENT AND ORDER OF DISMISSAL**
_____

WHEREAS, (i) Lead Plaintiff, Patipan Nakkhumpun ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and the Settlement Class, and (ii) Defendants Daniel J. Taylor, John R. Wallace, Carl E. Lakey, and Kevin K. Nanke ("Defendants") have entered into the Stipulation of Settlement dated September 18, 2015 (the "Stipulation"), providing for the settlement of the Litigation and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims (the "Stipulation"), on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation;

WHEREAS, in the Preliminary Approval Order dated November 3, 2015, this Court (a) preliminarily approved the Settlement; (b) preliminarily certified the Litigation as a class action for settlement purposes; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application; and (e) scheduled a hearing regarding, among other things, final approval of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on June 1, 2016 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants; (iii) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Settlement Class; and (iv) whether and in what amount to award Plaintiffs' Counsel's fees and reimbursement of expenses;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Litigation, and with good cause appearing therefor; and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including, but not limited to, Lead Plaintiff, all Settlement Class Members, and Defendants.

3. Lead Plaintiff is hereby appointed, for settlement purposes only, as the Settlement Class Representative in respect of the Settlement Class for purposes of Federal Rule of Civil Procedure 23. Federman & Sherwood, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as Class Counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

4. The Settlement Class that this Court preliminarily certified in the Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3).

5. The Settlement Class certified for settlement purposes by this Judgment consists of all Persons who purchased the common stock of Delta Petroleum Corporation ("Delta") during the period March 11, 2010 through November 9, 2011, inclusive. Excluded from the Settlement Class are Defendants, members of the immediate family of the Defendants, any entity in which any Defendant has or had a

controlling interest, any entity for which any Defendant acted as an investment manager, current and former directors and officers of Delta and the legal representatives, heirs, successors, or assigns of any such excluded Person.

6. In addition, excluded from the Settlement Class are those Persons identified in Exhibit 1, annexed hereto, who timely and validly requested exclusion from the Settlement Class.

7. In granting final certification of the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

8. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

9. The Settlement is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

10. Except as to any individual claim of those Persons (identified in Exhibit 1) who have validly and timely requested exclusion from the Settlement Class, the Litigation (including all individual claims and Settlement Class claims presented thereby) is dismissed with prejudice. The Parties are to bear their own fees and costs, except as otherwise provided in the Stipulation.

11. Upon the Effective Date hereof, and in consideration of: (a) Defendants' agreement to instruct their insurance carrier to pay the amount of $3.2 million (the "Cash Settlement Amount") and (b) Defendants' release of Defendants' Released Claims, as set forth in the Stipulation, Lead Plaintiff and each Settlement Class Member (and their Corresponding Released Parties, as set forth in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims, as defined in the Stipulation) against Defendants, and each of them, and each of their Corresponding Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim. The releases provided for in the Stipulation are effective as of the Effective Date.

12. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

13. The Persons listed on Exhibit 1 have submitted a valid request for exclusion from the Settlement Class that was accepted by the Court. By virtue of such request, these Persons are deemed not to be Members of the Settlement Class, and have no rights to participate in the Settlement or to receive any distributions from the Net Settlement Fund. Except for the Persons listed on Exhibit 1, no other Persons have submitted requests for exclusion from the Settlement Class that were accepted by the Court. The Persons listed on Exhibit 1 are the only Persons whose request for exclusion has been accepted, and, as a consequence, these Persons are not bound by the terms of the Stipulation and this Final Judgment and Order of Dismissal.

14. The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any Corresponding Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Counsel, Lead Plaintiff, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the

processing of Proofs of Claim and the distribution of the Net Settlement Fund to Settlement Class Members.

15. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

16. Settlement Class Members who have not been excluded from the Settlement Class are hereby barred and enjoined from (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or relating to the Released Claims, and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the Released Claims.

17. Except as otherwise expressly set forth in the Stipulation, upon the Effective Date, pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(f)7, this Final Judgment and Order of Dismissal bars and permanently enjoins all Persons from instituting or prosecuting any action or proceeding against the Defendants for equitable, partial, comparative, or complete contribution, subrogation, or indemnity, however denominated, arising out of or relating in any way to the Released Claims.

18. Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiff, the Settlement Class, and all members thereof, Defendants, and each of them (and their Corresponding Released Parties), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Lead Plaintiff, Settlement Class Members, Lead Plaintiff's Counsel, and each of them, and each of their Corresponding Released Parties from all Released Defendants' Claims (including Unknown Claims).

19. The Notice was disseminated and published in accordance with the Preliminary Approval Order and as further directed by the Court. The form and method of notifying the Settlement Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA")), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

20. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

21. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any

fact alleged by the Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing or liability of the Defendants and their Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Defendants, or any of their Corresponding Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Defendants, Lead Plaintiff, their Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; and (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the parties and their Corresponding Released Parties, or each or any of them, that any of the Lead Plaintiff's claims are with or without merit, that damages recoverable under the Lead Plaintiff's operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial.  Any of the parties or any of their Corresponding Released Parties may file this Stipulation and/or the Final Judgment in any action that may be brought against such

party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over the parties and Members of the Settlement Class for all matters relating to the: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest or income earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) construction, interpretation, enforcement, effectuation, and administration of the Stipulation.

23. The Court finds that the complaints filed in the Litigation were filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

24. Plaintiffs' Counsel are hereby awarded 33% of the Settlement Fund in attorneys' fees and $82,486.68 in reimbursement of expenses, with interest earned thereon. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

      a.     the Settlement has created a fund of $3,200,000.00 in cash, plus interest or income earned thereon, that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

      b.     Plaintiffs' Counsel have litigated the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

      c.     the Litigation involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      d.     had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

      e.     as of January 27, 2016, Plaintiffs' Counsel had devoted over 1,695 hours, with a lodestar value of $965,320, to achieve the Settlement; and

      f.     the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and consistent with fee and expense awards in similar cases.

25.    The awarded attorneys' fees and expenses, and interest or income earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Final Judgment and Order of Dismissal is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

26.     Pursuant to 15 U.S.C. § 78u-4(a)(4), the Court awards Lead Plaintiff $3,500.00 for his time and expense in representing the Class.  The reimbursement award shall be paid to Lead Plaintiff from the Settlement Fund pursuant to the terms of the Stipulation.

27.     The approved Plan of Allocation or award of attorneys' fees and expenses in no way shall disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

28.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

29.     Without further approval from the Court, the parties are authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation and its implementing documents (including all exhibits to the Stipulation) as (a) shall be consistent in all material respects with this Judgment, or (b) do not materially limit the rights of Settlement Class Members.  Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

30.     As there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal, the Court hereby directs that this Final Judgment and Order of Dismissal be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure

54(b).  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this Judgment fully and finally adjudicates the claims of the Lead Plaintiff and the Settlement Class against Defendants in this Litigation, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Settlement Class Members.


DATED: June 13, 2016                    BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

14

**EXHIBIT 1**

- Roger A. Parker
- Albert Wong